## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARAH BETH MANEY p/k/a SARAHBETH MANEY <br><br> Plaintiff, <br><br> v. <br><br> DOTDASH MEDIA INC. and DOES 1 through 10, inclusive., <br><br> Defendants. | Case No. **1:22-cv-8428** <br><br> **COMPLAINT** <br><br><br> DEMAND FOR JURY TRIAL |

Plaintiff, Sarahbeth Maney alleges as follows:

### JURISDICTION AND VENUE

1.   This is a civil action seeking damages and injunction relief for copyright infringement and the unauthorized removal of copyright management information under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq* and 17 U.S.C. § 1202.

2.   This Court has personal jurisdiction over Defendant because Defendant conducts business and/or resides within the State of New York, Defendant's acts of infringement complained of herein occurred in the State of New York, and Defendant caused injury to Plaintiff within the State of New York.

3.   Venue in this judicial district is proper under 28 U.S.C. § 1391(c)-(d) and/or § 1400(a) because this is the judicial district in which a substantial

part of the acts and omissions giving rise to the claims occurred; this is the district in which Defendant or its agent resides or may be found; Defendant conducts regular and substantial business in this district, and has regularly provided services to residents throughout New York including this district; and Defendant is a corporate defendant whose contacts with this district are sufficient to subject it to the personal jurisdiction of this Court.

## PARTIES

4.  Plaintiff Sarah Beth Maney p/k/a Sarahbeth Maney ("Maney") is an individual residing in the State of Michigan.

5.  Defendant Dotdash Media Inc ("Dotdash") is a Delaware Corporation, with a principal place of business in New York.  Dotdash has one or more offices in New York.

## FACTUAL ALLEGATIONS

6.  Plaintiff Sarahbeth Maney is a professional photographer by trade. Maney is a staff photojournalist for the Detroit Free Press and previously worked as a New York Times photography fellow for their Washington D.C. Bureau. Maney's work has appeared in various major publications, including *National Geographic, TIME, The Washington Post, Vanity Fair, CNN, HuffPost* and many others.

7.  Maney's livelihood depends on receiving compensation for the

photographs she produces, and the copyright protection afforded to Maney's work deters would be-infringers from copyright and profiting from her work without permission.

8.   Maney is the sole author and exclusive rights holder to an original photograph of police officers during a Black Lives Matter protest (the "Protest Photograph").

9.   A true and correct copy of Maney's Protest Photograph is attached hereto as Exhibit A.

10. Maney registered the Protest Photograph with the United States Copyright Office under registration number VA 2-210-009 (dated June 8, 2020).

11. Defendant Dotdash is the owner and publisher of *People Magazine*.

12. According to Dotdash's main webpage, Dotdash is an online and print publisher that reaches over 200 million people across all of its online and print platforms. Dotdash owns dozens of world renowned brands including *Food & Wine, Better Home & Gardens, InStyle, BRIDES, Travel + Leisure, People Magazine,* and *Entertainment Weekly. See* https://www.dotdashmeredith.com/.

13. According to Dotdash's website, *People Magazine'*s print edition reaches almost 25 million people and generates millions in ad revenue a

year                              ("Magazine")                              *See*

https://www.dotdashmeredith.com/brands/entertainment/people.

14. At all relevant times, the Magazine was readily accessible to the general public throughout New York, the United States, and the world.

15. On or about June 1, 2020, Maney and a representative from the Magazine entered discussions to license Maney's Protest Photograph for use in the Magazine.

16. Maney agreed to license the Protest Photograph to the Magazine for the June 2020 edition of the Magazine.

17. On June 14, 2020, Maney sent an invoice and tax information to the Magazine in order to receive payment.

18. On June 15, 2020, Maney's Protest Photograph was published and displayed in the Magazine.

19. A true and correct copy of the June 2020 Edition of the Magazine, containing the Protest Photograph ("June Edition") is attached hereto as Exhibit B.

20. Despite sending follow up emails on August 7, 2020 and August 14, 2020 – neither the Magazine nor Dotdash ever paid Maney for a license of the Protest Photograph.

21. Maney, through counsel, subsequently made at least 10 attempts to

4
**COMPLAINT**

resolve this dispute through traditional mail, phone calls, and emails. Despite these attempts, Maney was not compensated for the Protest Photograph.

22. By failing to pay Maney for the use of the Protest Photograph in the June Edition, Dotdash and the Magazine were never granted a license.

23. Dotdash (including its employees, agents, contractors, or others over whom it has responsibility and control) copied, published, and displayed the Protest Photograph in the June Edition without valid consent or a license.

24. Dotdash (including its employees, agents, contractors, or others over whom it has responsibility and control) knew Maney was the owner of the Protest Photograph but knowingly copied, published, and displayed the Protest Photograph in the June Edition without valid consent or a license.

## CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101 *et seq.*

25.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Protest Photograph.

27. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Protest

Photograph in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Protest Photograph of the Plaintiff without Plaintiff's consent or authority, by using the Protest Photograph in the June Edition.

28. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000 pursuant to 17 U.S.C. § 504(c).

29. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

30. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

a)    For a finding that Defendant infringed Plaintiff's copyright interest in the Protest Photograph by copying and displaying it for commercial purposes without a license or consent;

**COMPLAINT**

b)      For an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c)      For an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's copyrighted works;

d)      For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e)      For pre-judgment and post-judgment interests as permitted by law; and

f)      For any other relief the Court deems just and proper.


DATED: October 3, 22                    Respectfully submitted,


                                        **s/ Taryn Rose Murray**
                                        Taryn Rose Murray, Esq.
                                        SDNY #5888896
                                        **HIGBEE & ASSOCIATES**
                                        1504 Brookhollow Dr., Ste 112
                                        Santa Ana, CA 92705-5418
                                        (714) 617-8340
                                        (714) 597-6559 facsimile
                                        tmurray@higbeeassociates.com
                                        *Attorney for Plaintiff*


7
**COMPLAINT**

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff Sarabeth Maney hereby demands a trial by jury in the above matter.


Dated: October 3, 22                    Respectfully submitted,


**<u>s/ Taryn Rose Murray</u>**
Taryn Rose Murray, Esq.
SDNY #5888896
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8340
(714) 597-6559 facsimile
tmurray@higbeeassociates.com
*Attorney for Plaintiff*